UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
Miranda d'Ancona, Marie Rupert, Doris
Kaufman,

                Plaintiffs,

    -against-

D&R Transport(AKA P.S. Inc.),
Donald P. Moore

                Defendants.
-------------------------------------------------------X

Case No.: 07 CV 5788 (LTS)

NOTICE OF MOTION

Upon reading and filing the affidavit of plaintiff Miranda D'Ancona sworn to on August 17, 2007; the declaration of Steven J. Horowitz dated August 29, 2007; as well as the other exhibits annexed thereto, the undersigned will move this Court before the Honorable Laura T. Swain, on a date and time to be set by the Court, at the United States Courthouse for the Southern District of New York, located at 500 Pearl Street, New York, New York for an Order: (1) substituting David Horowitz, P.C. as attorneys of record for plaintiff Miranda D'Ancona in stead and place of A. Joseph Tandet, Esq.; (2) discharging any liens or fees owed to A. Joseph Tandet, Esq. arising out of his representation of plaintiff in the above captioned action; and (3) such other and different relief as may seem just and proper.

Dated: New York, New York
      August 29, 2007

                          Yours, etc.
                          DAVID HOROWITZ, P.C.
                          Incoming Attorneys for Plaintiff
                          Miranda D'Ancona
                          By:_____
                                Steven J. Horowitz (SH 1352)
                                  276 Fifth Avenue
                                  Suite 405
                                  New York, New York 10001
                                  (212) 684-3630

To:    A. Joseph Tandet, Esq.
       Outgoing Counsel for Plaintiff
       Miranda D'Ancona
       488 Madison Avenue
       New York, New York 10022
       (212) 486-9494

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
Miranda d'Ancona, Marie Rupert, Doris
Kaufman,

Case No.: 07 CV 5788 (LTS)

    Plaintiffs,

AFFIDAVIT OF PLAINTIFF
MIRANDA D'ANCONA

  -against-

D&R Transport(AKA P.S. Inc.),
Donald P. Moore

    Defendants.
-------------------------------------------------------X

STATE OF NEW YORK  }
        }SS.
COUNTY OF _New York_ }

   Miranda D'Ancona being duly sworn deposes and says under the penalty of perjury:

   1.  I am the first named plaintiff in the above captioned matter and make this affidavit

in support of the motion noticed by DAVID HOROWITZ, P.C. to displace A. Joseph Tandet,

Esq. ("Tandet") as my attorneys in the above captioned matter.

   2. I retained Mr. Tandet on or about February 23, 2007 to represent me for the injuries

sustained as the result of being struck by a fire hydrant launched off its moorings at the

intersection of Christopher and Bleeker Streets in Manhattan, New York on February 19, 2007.

My injuries are accurately stated in the report annexed hereto as Exhibit "D." Mr. Tandet never

explained to me the existence of an ethical conflict in the representation of myself and co-

plaintiffs. As my injuries developed, and I realized the limited nature of the potential fund from

which I could collect, I became uneasy with the representation. When I spoke to him and

expressed dissatisfaction as to the progress of the case, he seemed disinterested in exploring a

fund sufficient to cover the full value of my damages. Perhaps most upsetting was the fact that Mr. Tandet neither explained the conflict, nor sought my approval to continue the representation of myself and co-plaintiffs.

2.      On July 4, 2007, I retained DAVID HOROWITZ, P.C. as my attorneys in an effort to substitute Mr. Tandet as my counsel. I informed David Horowitz, Esq., a principal at DAVID HOROWITZ, P.C., however, of my desire to personally inform Mr. Tandet of the substitution to soften the impact on someone I had known for a long time. My telephone call to Mr. Tandet was met with hostility and foul language. As such, I provided Mr. Horowitz with a letter discharging Mr. Tandet and his firm and further asked Mr. Horowitz to forward same to him (Exhibit "H").

3. I have an unfettered right to have counsel of my choosing and do not wish to be represented by Mr. Tandet who improperly attempted to represent divergent interests in a single litigation. I am informed that he alleged the value of my injuries to be $500,000.00. I do not believe that such an allegation properly reflects the full value of my injuries given the absence of any potential for culpable conduct. It is clear to me that Mr. Tandet merely attempted to fit my injuries into the available proceeds and balance my interests with those of co-plaintiffs. I, however, retained Mr. Tandet to zealously represent my interests. I am entitled to an attorney who will do so.

4. Accordingly, I ask that the Court issue an Order substituting David Horowitz, P.C. as my attorneys of record.

**WHEREFORE**, your affirmant respectfully requests that the instant motion be granted in its entirety together with such other, further, and different relief as this Honorable Court deems just and proper.

Sworn before me this ⎣7⎦ day of August

_____
Notary Public

**WILLIAM SANYER**
Notary Public, State of New York
No. 01SA6084058
Qualified in Kings County
Commission Expires December 2, 2010

_____
Mrianda D'Ancona

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
Miranda d'Ancona, Marie Rupert, Doris
Kaufman,

                        Case No.: 07 CV 5788 (LTS)

               Plaintiffs,

                        <u>DECLARATION IN SUPPORT</u>

     -against-

D&R Transport(AKA P.S. Inc.),
Donald P. Moore

               Defendants.
-------------------------------------------------------X

      Steven J. Horowitz, an attorney duly admitted to practice law before the Courts of the

State of New York, declares the following under the penalty of perjury:

      1. I am a partner at the law firm of DAVID HOROWITZ, P.C. ("incoming counsel"),

counsel for the plaintiff Miranda D'Ancona ("D'Ancona") and I am fully familiar with the facts

and circumstances of the within action, the source of my knowledge being the file maintained by

our office.

      2. The instant action arises out of a motor vehicle accident in which plaintiff sustained

severe and permanent personal injuries.  A. JOSEPH TANDET, ESQ. ("outgoing counsel")

undertook the representation of the three named plaintiffs (Exhibit "A").  A copy of Miranda

D'Anconca's Retainer is annexed hereto as Exhibit "B."

      3. The subject motor vehicle accident occurred on February 19, 2007 at the intersection

of Christopher Street and Bleeker Street, Manhattan, New York (NYC Police Report, Exhibit

"C").  The said incident arises from a pedestrian knockdown involving a motor vehicle (Exhibit

"C").  Specifically, Ms. D'Ancona was struck by a fire hydrant which had been launched off its

moorings as a result of defendants' motor vehicle striking same (Exhibit "C").

4. As a result, Ms. D'Ancona sustained, inter alia, a right hip fracture and right tibial fracture requiring surgery (Exhibit "D"). In addition, she developed post operative anemia requiring a blood transfusion (Exhibit "D"). She was then transferred to the acute Rehab floor where she received physical and occupational therapy for approximately one week (Exhibit "D"). She further developed C. difficile colitis necessitating transfer to the MICU due to sepsis, necessitating significant fluid resuscitation and treatment with broad spectrum antibiotics (Exhibit "D"). From the aggressive fluid resuscitation and poor nutritional status, she developed severe anasarca, limiting her mobility and breathing (Exhibit "D"). She required a thoracentesis to remove some fluid (Exhibit "D"). Thereafter and to date, she periodically required hospitalization for flare ups of the C. difficile colitis (Exhibit "D"). Upon information and belief, Marie Rupert claims damages arising from soft tissue injuries while Doris Kaufman claims psychological and emotional damages as the result of witnessing the said incident and the resulting trauma sustained by Ms. D'Ancona.

5. During the course of his representation, outgoing counsel obtained the initial hospital report as well as the relevant insurance information. Significantly, it should be noted that outgoing counsel knows that the insurance coverage is limited to $1,000,000.00 and no excess policy exists (Exhibit "J"). In addition, he performed other ministerial services in connection with his representation of the plaintiffs including an insufficient asset search, which did not reveal additional assets (Exhibit "K") . A copy of his itemization of his services rendered is included (Exhibit "E").

6. After Ms. D'Ancona expressed her qualms to outgoing counsel, outgoing counsel filed a complaint on behalf of all three plaintiffs (Exhibit "F"). He limited the recovery to the policy amount, to wit: $1,000,000.00, demonstrating his lack of interest in pursuing full

judgment. Outgoing counsel undervalues his demand for judgment on behalf of Ms. D'Ancona to $500,000.00 and prays for $300,000.00 on behalf of Marie Rupert and $200,000.00 on behalf of Doris Kaufman (Exhibit "F").

7. On July 4, 2007, Ms. D'Ancona signed a retainer statement with the office of incoming counsel (Exhibit "G"). Ms. D'Ancona, however, wished to deliver the directive to stop work to outgoing counsel as they had known each other prior to the litigation (D'Ancona Affidavit). Ms. D'Ancona telephoned outgoing counsel to notify him of her choice to substitute him (D'Ancona Affidavit). Her telephone call was met with hostility and imprecations (D'Ancona Affidavit). Accordingly, Ms. D'Ancona requested that incoming counsel deal with outgoing counsel (D'Ancona Affidavit). As such, incoming counsel forwarded a stop-work letter to outgoing counsel on July 11, 2007, in which was enclosed Ms. D'Ancona's directives (Exhibit H).

8. Thereafter, when no answer was forthcoming from incoming counsel, Gloria Drelich, Esq., an associate in the office, telephoned him. He told her that he would not hand over the file and would be bringing a motion. Outgoing counsel brought a motion by Order to Show Cause seeking to have his fee fixed by the Court on the basis of quantum meruit (Exhibit "I"). On July 20, 2007, the Court denied the said application without prejudice to regular motion practice (Exhibit "I"). Thereafter, incoming and outgoing counsel met wherein the existence and value of any purported lien was discussed. At the conclusion, outgoing counsel relinquished his file. Upon review of the file containing the complaint drafted by outgoing counsel as well as information regarding the potential fund from which plaintiffs could recover, it became apparent that outgoing counsel violated the Code of Professional Responsibility necessitating the instant motion. Outgoing counsel has nonetheless failed to move to withdraw from the representation to

date (Exhibit "I").

9. The facts recited <u>supra</u> reveal that Ms. D'Ancona wishes to displace incoming counsel with outgoing counsel. Further, as is apparent from the face of the complaint, the joint representation of the plaintiffs was improper and in violation of the ethical rules governing attorney conduct in this State absent a waiver of the conflict of interest. Accordingly, for the reasons sated in the Memorandum of Law submitted together with this declaration, this Court is respectfully requested to issue an Order substituting incoming counsel in place of outgoing counsel and discharging the purported judiciary lien for fees held by outgoing counsel because outgoing counsel was discharged for cause.

**WHEREFORE**, your affirmant respectfully requests that the instant motion be granted in its entirety together with such other, further, and different relief as this Honorable Court deems just and proper.

Dated: New York, New York
       August 29, 2007

Steven J. Horowitz
(SH 1352)

**EXHIBIT  A**

3/14

# A. JOSEPH TANDET

ATTORNEY AT LAW

488 MADISON AVENUE, SUITE 1100
NEW YORK, NEW YORK 10022

TEL (212) 486-9494
FAX (212) 486-0701

March 14, 2007.

St. Vincent's Hospital
Attn: Records Department
153 West 11th Street
New York, NY 10011

<u>*re:*</u>     *Miranda d'Ancona, Marie Rupert and Doris Kaufman.*

Gentlemen,

This is to inform you that I am the attorney for the above three ladies, Miranda d'Ancona, Marie Rupert and Doris Kaufman, who were injured in an accident which occurred on February 19th, 2007 on Christopher Street at its intersection with Bleecker Street, Borough of Manhattan, City and State of New York.

The accident occurred at or about 9:30 PM when a tractor-trailer truck, negligently driven by one Donald P. Moore, who was then and there operating the truck within the scope of his employment. Mr. Moore is employed by D&R Transport, LLC. The company is located at 1154 Highway 109 N, Lebanon TN, 37090. The truck made a hard right turn on Christopher Street, thereby knocking out the fire hydrant. The fire hydrant struck two of the three pedestrians, Miranda d'Ancona and Marie Rupert, causing them to sustain extensive, serious and permanent injuries.

I am enclosing herewith the Authorization For Release of Health Information Pursuant to HIPAA for Miranda d'Ancona, dated March 10, 2007 and for Marie Rupert, dated March 10, 2007. I am also requesting the hospital record for Ms. Doris Kaufman.

I would appreciate your sending to me these hospital records which you have in your possession as soon as possible. I would also appreciate you sending me the bill for the records, based upon the $0.75 per page charge for said records.

Thank you for your prompt attention to this matter.

Very truly yours,

A Joseph Tandet





OCA Official Form No.: 960

## AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA
[This form has been approved by the New York State Department of Health]

| Patient Name MIRANDA D'ANCONA | Date of Birth 09-14-20 | Social Security Number 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 |
|---|---|---|

Patient Address   265  CHERRY STREET, NEW YORK, NY  10002 .

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form:

In accordance with New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I understand that:

1. This authorization may include disclosure of information relating to **ALCOHOL** and **DRUG ABUSE, MENTAL HEALTH TREATMENT**, except psychotherapy notes, and **CONFIDENTIAL HIV\* RELATED INFORMATION** only if I place my initials on the appropriate line in Item 9(a). In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 9(a), I specifically authorize release of such information to the person(s) indicated in Item 8.

2. If I am authorizing the release of HIV-related, alcohol or drug treatment, or mental health treatment information, the recipient is prohibited from redisclosing such information without my authorization unless permitted to do so under federal or state law. I understand that I have the right to request a list of people who may receive or use my HIV-related information without authorization. If I experience discrimination because of the release or disclosure of HIV-related information, I may contact the New York State Division of Human Rights at (212) 480-2493 or the New York City Commission of Human Rights at (212) 306-7450. These agencies are responsible for protecting my rights.

3. I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.

4. I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditioned upon my authorization of this disclosure.

5. Information disclosed under this authorization might be redisclosed by the recipient (except as noted above in Item 2), and this redisclosure may no longer be protected by federal or state law.

6. **THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDICAL CARE WITH ANYONE OTHER THAN THE ATTORNEY OR GOVERNMENTAL AGENCY SPECIFIED IN ITEM 9 (b).**

7. Name and address of health provider or entity to release this information:
ST VINCENT'S HOSPITAL   153  W. 11TH ST., ~~NORTH~~  NEW YORK, NY  10011

8. Name and address of person(s) or category of person to whom this information will be sent:
A. JOSEPH TANDET - 488 MADISON AVE., NYP  10022

9(a). Specific information to be released:
☐ Medical Record from (insert date) FEBRUARY 19, 2007 to (insert date) Continuous
☐ Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results, radiology studies, films, referrals, consults, billing records, insurance records, and records sent to you by other health care providers.

☐ Other: _____

_____

Include: (*Indicate by Initialing*)

_____ **Alcohol/Drug Treatment**

_AJT_ **Mental Health Information**

_____ **HIV-Related Information**

**Authorization to Discuss Health Information**

(b) ☐ By initialing here _MD_ I authorize
       Initials                                      Name of individual health care provider
to discuss my health information with my attorney, or a governmental agency, listed here:
A. JOSEPH TANDET
(Attorney/Firm Name or Governmental Agency Name)

| 10. Reason for release of information: ☑ At request of individual ☐ Other: | 11. Date or event on which this authorization will expire: N/A |
|---|---|
| 12. If not the patient, name of person signing form: | 13. Authority to sign on behalf of patient: |

All items on this form have been completed and my questions about this form have been answered. In addition, I have been provided a copy of the form.

_Miranda D'Ancona_                              Date: _3/14/07_
Signature of patient or representative authorized by law.

\* **Human Immunodeficiency Virus that causes AIDS. The New York State Public Health Law protects information which reasonably could identify someone as having HIV symptoms or infection and information regarding a person's contacts.**

**EXHIBIT  B**



**ORIGINAL**

## RETAINER AGREEMENT

*A. JOSEPH TANDET*

IT IS UNDERSTOOD AND AGREED between The Law Offices of ~~James E. Elow~~ ("Attorney") with offices at 488 Madison Ave., Suite 1100, New York, NY 10022 and ("Client")_____ residing at _____
_____ that the following terms and conditions are acceptable.

The Client hereby retains and engages the Attorney for the performance of legal services in connection with the following:

The Attorney makes no representations or warranties as to the results of outcome of the matter, and the Client has not relied on any representations by the Attorney at the time of retention. The Attorney agrees to use his best efforts in representation of the Client.

The Client has a responsibility to cooperate with the Attorney during the proceeding and to permit the Attorney to take any ethical and legal steps, which, in the sole discretion of the Attorney, are deemed necessary and appropriate, strategic, and tactical to protect the Client's interests in this matter. If the Attorney/Client relationship becomes incompatible, the Attorney has the right to petition the court to be relieved from the case by the court, whether or not the Client is current in payments.

The Client controls any ultimate decision with respect to whether or not to accept or reject any particular settlement proposal. Conversely, the Client also understands that the attorney controls any decision that relates to ethical, strategic or tactical considerations, and the Client agrees to abide by the advice and decisions of the Attorney with respect to such issues.

In the event that the Client fails or refuses to follow such advice or instructions of the Attorney in any respect, the Client agrees that such failure or refusal shall be good cause for the Attorney to withdraw his representation and the Client hereby consents that the Attorney may so withdraw under such circumstances, whether or not the Client is current in payments. The Attorney will keep the Client informed as to the status of the case and will be notified of any developments of substance affecting the case.

The Client agrees to pay all charges, if any actually incurred, for all out-of-pocket expenses including but not limited to process service fees, courier service, Federal Express fees, clerk's filing fees, transcripts (examination before trial, depositions, court hearings and trials) subpoena fees, witness fees and photostatting. Fees for private investigators and any reports made by them, or any other fees for experts (accountants, appraisers, psychiatrists, or psychologists) or any charges for appraisals, evaluations or reports by said experts are chargeable to the Client, provided consent to incur same has been obtained from the Client.

The Client agrees to pay the sum of  --- 0 ----  Dollars ($00.00)  as the fee for this Retainer Agreement, payable upon the signing of this Agreement. In consideration of the services rendered and to be rendered, and in addition to the sum paid as retainer, the client agrees to pay Attorney and the Attorney is authorized to retain out of any moneys that may come into Clients' hand by reason of the above, thirty-three per cent (33%) of any amount recovered; whether recovered by suit, settlement or otherwise.

Such percentage shall be computed on the net sum recovered after deducting from the amount recovered expenses and disbursements for expert testimony and investigative or other

Page 2 of retainer agreement

services properly chargeable to the enforcement of any claim or, prosecution or defense of any action. In computing the fee, the costs as taxed, including interest upon a judgment, shall be deemed part of the amount recovered.

If the matter should proceed to trial, all legal fees and disbursements due and owing must be paid prior to the day of trial, unless other arrangements has been made, in writing, between the Attorney and the Client.

In the event that the Client discontinues or terminates the services of the Attorney without cause, or the Attorney withdraws from the case prior to completion, then the Attorney shall be entitled to be compensated on a quantum meriut basis at the hourly rate of Three Hundred Dollars ($300.00).

If the Client discharges the Attorney prior to the conclusion of the matter, or if the Attorney shall withdraw from the case with the permission and consent of the Client, or by order of the court, all legal fees and disbursements due and owing must be paid prior to the release and turnover of the file by the Attorney, and the Attorney shall have the right to seek a charge lien from the court for all legal fees and disbursements due and owing at that time.

In the event that a statement is tendered to the Client for disbursements, and the Client does not pay the amount stated within thirty (30) days, then the Attorney shall have the right to petition the court to terminate his services to the Client.

If a dispute shall arise in connection with the Attorney's fee, the Client may seek arbitration within thirty (30) days after notice by certified mail by the Attorney that the fee is not agreed upon. The arbitrator's decision shall be binding upon both the Attorney and the Client. Information concerning fee arbitration shall be available upon request.

This Agreement shall be governed by the Laws of the State of New York. If any portion of it is declared to be unenforceable or invalid, all other provisions will remain in full force and effect.

The Client acknowledges it has received and executed the Statement of Client's Rights and Responsibilities prior to the signing of this Retainer Agreement, a copy of which is attached to this Retainer Agreement.

The Client acknowledges the receipt of a copy of this Retainer Agreement at the time of signing of the same, and further acknowledges that this Retainer Agreement has been read to and by the Client, and was understood by the Client prior to signing the same.

We have hereunto set our hands and seals this ___ th day of  February, 2007.

New York, New York

*A. Joseph Tander Esp*

~~James B. LeBow~~, Esq.

*Miranda, d'Anzona*

Client:

**EXHIBIT  C**

New York State Department of Motor Vehicles

# POLICE ACCIDENT REPORT (NYC)
## MV-104AN (7/01)

☐ AMENDED REPORT

Page 1 of 2 Pages

Precinct 006

Accident No. 217

Complaint Number

| Accident Date Month 02 Day 19 Year 2001 | Day of Week Mon | Military Time 21:40 | No. of Vehicles | No. Injured 2 | No. Killed 0 | Not Investigated at Scene ☐ | Left Scene ☐ | Police Photos ☐ Yes ☐ No |
| | | | | | | Accident Reconstructed ☐ | | |

**VEHICLE 1**    ☐ VEHICLE 2   ☐ BICYCLIST   ☒ PEDESTRIAN   ☐ OTHER PEDESTRIAN

| VEHICLE 1 - Driver License ID Number 5341676 | State of Lic. NC | VEHICLE 2 - Driver License ID Number | State of Lic. |
| Driver Name -exactly as printed on license Donald P. Moore | | Driver Name - exactly as printed on license D'Ancona, Miranda | |
| Address (Include Number & Street) 16 Donald DR | Apt. No. | Address (Include Number & Street) 265 Cherry St | Apt. No. 23J |
| City or Town Candler | State NC | Zip Code 28715 | City or Town New York | State NY | Zip Code 10002 |

| Date of Birth Month 11 Day 18 Year 59 | Sex M | Unlicensed ☒ | No. of Occupants | Public Property Damaged ☐ | Date of Birth Month 09 Day 14 Year 20 | Sex F | Unlicensed ☐ | No. of Occupants | Public Property Damaged ☐ |

| Name-exactly as printed on registration D+R Transport LLC | Sex | Date of Birth Month Day Year | Name-exactly as printed on registration | Sex | Date of Birth Month Day Year |
| Address (Include Number & Street) 1154 HWY 109N | Apt. No. | Haz. Mat Code | Released ☐ | Address (Include Number & Street) | Apt No. | Haz. Mat. Code | Released ☐ |
| City or Town Lebanon | State TN | Zip Code 37090 | City or Town | State | Zip Code |

| Plate Number 63047-HY | State of Reg. TN | Vehicle Year & Make 2000/FRHT | Vehicle Type Truck | Ins. Code 20443 | Plate Number | State of Reg. | Vehicle Year & Make | Vehicle Type | Ins. Code |
| Ticket/Arrest Number(s) OAC 7208084 | | | | | Ticket/Arrest Number(s) | | | | |
| Violation Section(s) | | | | | Violation Section(s) | | | | |

Check if involved vehicle is:
V E H I
☒ more than 95 inches wide;
☒ more than 34 feet long;
☐ operated with an overweight permit;
☐ operated with an overdimension permit.

Check if involved vehicle is:
V E H I
☐ more than 95 inches wide;
☐ more than 34 feet long;
☐ operated with an overweight permit;
☐ operated with an overdimension permit.

**VEHICLE 1 DAMAGE CODES**
C L E 1
Box 1 - Point of Impact  6  18
Box 2 - Most Damage
Enter up to three more Damage Codes

**VEHICLE 2 DAMAGE CODES**
C L E 2
Box 1 - Point of Impact
Box 2 - Most Damage
Enter up to three more Damage Codes

| Vehicle Towed: | By | To | N/A |
| Vehicle Towed: | By | To | |

**VEHICLE DAMAGE CODING:**
1-13. SEE DIAGRAM ON RIGHT.
14. UNDERCARRIAGE
15. TRAILER
16. OVERTURNED
17. DEMOLISHED
18. NO DAMAGE
19. OTHER

Circle the diagram below that describes the accident, or draw your own diagram in space #9. Number the vehicles.

Rear End   Left Turn   Right Angle   Right Turn   Head On
Overtaking   Left Turn   Right Turn   Sideswipe

**ACCIDENT DIAGRAM**

Cost of repairs to any one vehicle will be more than $1000.
☐ Unknown/Unable to Determine   ☐ Yes   ☐ No

| Reference Marker | Coordinates (if available) Latitude/Northing | Place Where Accident Occurred: ☐ BRONX ☐ KINGS ☒ NEW YORK ☐ QUEENS ☐ RICHMOND |
| | | Road on which accident occurred Christopher St. (Route Number or Street Name) |
| | Longitude/Easting | at 1) intersecting street Bleecker St. (Route Number or Street Name) |
| | | or 2) _____ Feet ☐ N ☐ S Miles ☐ E ☐ W of _____ (Milepost, Nearest Intersecting Route Number or Street Name) |

Accident Description/Officer's Notes  A+T/P/O vehicle #1 18 wheeler Tractor Trailer was traveling s/e on bleecker st when he made a right hand turn onto Christopher St, Knocked out the fire hydrant and the fire hydrant Struck 2 pedestrian Causing them to have injuries.

| | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | BY | TO | 18 | Names of all involved | Date of Death Only |
| A | 1 | | 4 | 1 | | | H | – | – | 6 | | – | – | Moore, Donald | |
| B | P | | | | | F | 10 | 12 | 6 | 6K | | 7252 | | D'Ancona, Miranda | |
| C | | | | | | | | | | | | | | | |
| D | | | | | | | | | | | | | | | |
| E | | | | | | | | | | | | | | | |
| F | | | | | | | | | | | | | | | |

| Officer's Rank and Signature PO | Tax ID No. 927422 | NCIC No. 03030 | Precinct 006 | Post/Sector | Reviewing Officer PO McBride | Date/Time Reviewed 2/20 0619 |
| Print Name | | | | | | |

**PERSONS KILLED OR INJURED IN ACCIDENT** (Letter designation of persons killed or injured must correspond with letter designation on front.)

| A Last Name | First | M.I. | D Last Name | First | M.I. |
|---|---|---|---|---|---|

Address

Address

| Date of Birth Month | Day | Year | Telephone (Area Code) ( ) | Date of Birth Month | Day | Year | Telephone (Area Code) ( ) |
|---|---|---|---|---|---|---|---|

| B Last Name D'Ancona | First Miranda | M.I. | E Last Name | First | M.I. |
|---|---|---|---|---|---|

Address 265 Cherry St New York NY

Address

| Date of Birth Month 09 | Day 14 | Year 20 | Telephone (Area Code) 917-885-0915 (212) 406-8405 | Date of Birth Month | Day | Year | Telephone (Area Code) ( ) |
|---|---|---|---|---|---|---|---|

| C Last Name | First | M.I. |
|---|---|---|

Address

| Date of Birth Month | Day | Year | Telephone (Area Code) ( ) | Highway Dist. at Scene? ☐ Yes ☐ No Name: |
|---|---|---|---|---|

Shield No.

**ENTER INSURANCE POLICY NUMBER FROM INSURANCE IDENTIFICATION CARD, EXPIRATION DATE (IN ALL CASES), AND VIN.**

Vehicle No. 1 _251694231_          Vehicle No.2 _____

Expiration Date _09-13-07_          Expiration Date _____

VIN _1FUYSSZR6YLB51301_          VIN _____

**WITNESS (Attach separate sheet, if necessary)**

Name _Rothberg, Abigail_     Address _229 Hudson St. NY NY_     Phone _602-684-3518_

**DUPLICATE COPY REQUIRED FOR:**

☐ Dept. of Motor Vehicles (if anyone is killed/injured)

☐ Motor Transport Division (P.D. vehicle involved)

☐ NYC Taxi & Limousine Comm. (if a Licensed taxi or limousine involved)

☒ Other City Agency (Specify)

☐ Office of Comptroller (if a City vehicle involved)

☐ Personnel Safety Unit (if a P.D. vehicle involved)

☐ Highway Unit _____

_FDNY/DEP_

**NOTIFICATIONS:** (Enter name, address, and relationship of friend or relative notified. If aided person is unidentified, list Missing Person Squad member who was notified. In either case, give date and time of notification.)

_Kaufman, Doris  265 Cherry St. NY NY 10002     Friend_

| **PROPERTY DAMAGED** (other than vehicles) | **OWNER OF PROPERTY** (include city agency, where applicable) |
|---|---|

**IF NYPD VEHICLE IS INVOLVED:**

| Police Vehicle–Operator's First Name | Last Name | Rank | Shield No. | Tax ID. No. | Command |
|---|---|---|---|---|---|

| Make of Vehicle | Year | Type of Vehicle | Plate No. | Dept. Vehicle No. | Assigned To What Command |
|---|---|---|---|---|---|

Equipment in Use at Time of Accident

☐ Siren  ☐ Horn  ☐ Turret Light  ☐ 4-Way Flasher  ☐ High-Level Warning Lights  ☐ Traffic Cones  ☐ Headlights

**ACTIONS OF POLICE VEHICLE**

☐ Responding to Code Signal _____

☐ Pursuing Violator

☐ Other (Describe)

☐ Complying with Station House Directive

☐ Routine Patrol

**EXHIBIT D**



# Saint Vincent
# Catholic Medical Centers

www.svcmc.org

*The Academic
Medical Center of
New York Medical College
in New York City*



St. Vincent's Hospital
Manhattan
170 West 12th Street
New York, NY 10011
(212) 604-7000

Joseph Tandit, Attorney at Law
488 Madison Avenue
Suite 1100
New York, NY 10022

March 28, 2007

Dear Mr. Tandit,

Ms. Miranda D'Ancona is currently under my care as an inpatient at St. Vincent's Hospital Manhattan. I am writing in response to a request for a summary of her hospital course thus far. I obtained permission from Ms. D'Ancona to provide you with a summary of her medical issues. Ms. D'Ancona, a patient with a history of Crohn's disease, psoriatic arthritis, and hypothyroidism, was admitted to St. Vincent's Hospital on February 20, 2007 due to trauma after being hit by a fire hydrant (my understanding is that a vehicle hit this fire hydrant first), resulting in a right hip fracture and right tibial fracture. I met the patient on February 23rd, as I was called for consultation by the orthopaedic service. Besides for post-operative anemia requiring a blood transfusion, she progressed well and was transferred to the acute rehab floor under where she received physical therapy and occupational therapy for approximately 1 week. Ms. D'Ancona has had difficulty eating throughout, due to pain in the mouth, thought possibly due to trauma of intubation during surgery vs. aphthous-type ulcerations of her oral mucosa and severe xerostomia. While on the acute rehab floor, Ms. D'Ancona experienced progressive GI discomfort and diarrhea. This was found to be due to a C. difficile colitis. This necessitated transfer to the MICU on 3/15/07 due to sepsis, necessitating significant fluid resuscitation and was treated with broad-spectrum antibiotics. She stabilized, allowing transfer to the general medical floor after 3 days. She remains on the general medical floor, gradually improving, but severely debilitated due her prolonged hospital stay, original traumatic injuries, and C. difficile colitis with sepsis. Currently, she is not able to stand on her own yet, and needs continued nursing care. Due to the aggressive fluid resuscitation needed during the ICU and her poor nutritional status, Ms. D'Ancona has developed severe anasarca, limiting her mobility and impairing her breathing (due to large bilateral pleural effusions). She underwent a thoracentesis on 3/26/07 to remove some of this fluid. Ms. D'Ancona is also experiencing significant anxiety for which psychiatry and a rehab psychologist is following her for.

If there are further questions, I can be reached at 212-604-2975.

Sincerely,

Caroline A. Vitale, M.D.
Attending Physician, Section of General Internal Medicine and Geriatrics
St. Vincent's Hospital Manhattan

**EXHIBIT E**

**Miranda D'Ancona, February 19, 2007, Claim No. EK909632**
**Index No. 07 CV 5788, Index of Documents**

2/23/07        Retainer agreement signed by AJT and Miranda D'Ancona

2/23/07        Initial Dun & Bradstreet report on D&R Transport. 1 page.

2/23/07        Copy of Police Accident Report (NYC), 3 pages.

2/26/07        Copy of Letter from A Joseph Tandet to Donald P. Moore, the driver of the
               tractor-trailer. 1 page

2/26/07        Letter from A Joseph Tandet to D&R Transport. 1 page.

3/06/03        Letter from Lydia Coleman, CNA. 1 page.

3/14/07        Copy of Letter to St. Vincent's Hospital from AJT requesting hospital records.
               Attached is Copy of Signed Letter of Authorization for Release of Health
               Information Pursuant to HIPAA for Miranda D'Ancona. 2 pages.

3/14/07        Fax copy of letter from AJT to Vicky England.

3/15/07        Bill from St. Vincent's Hospital to Ms. D'Ancona for $623.00, 2 pages.

3/20/07        Copy of Fax cover to Vicky England of CNA Financial from AJT. Attached:
               Copy of NY Motor Vehicle No-Fault Insurance Law Application For Motor
               Vehilce No-Fault Benefits, Copy of New York Motor Vehicle No-Fault Insurance
               Law Application For Motor Vehicle No-Fault Benefits

3/23/07        Fax cover from Doris Kaufman, with contact numbers for Ms. D'Ancona's
               physicians.

3/23/07        Fax cover from Kaufman with more contact numbers for Gotham Nursing,
               attached letter from Caroline A. Vitale, attending physician for Miranda
               D'Ancona.

3/23/07        Authorization for Release of Information running from Miranda D'Ancona to
               United Health Care Insurance Company. 2 pages, dated March 20, 2007.

3/28/07        Fax cover and Letter from AJT to Lydia Coleman, with two page attached medical
               report from Dr. Caroline A. Vitale, physician attending Miranda D'Ancona. 4
               pages.

**3/28/07**    Original medical report from Dr. Caroline A Vitale, M.D. 1 page.

**3/28/07**    Copy of fax cover to Pat Hairston, Marianne Decker and Melvin Hill, urgently requesting payment for nursing care for Miranda D'Ancona. 1 page.

**3/30/07**    Letter from Pat Hairston to AJT, rejecting request to cover nursing bills. 1 page.

**3/30/07**    Fax from AJT to Beverly Golden at Gotham Services, 1 page.

**04/02/07**    Fax copy from AJT to Beverly Golden at Gotham Services, 1 page + copy.

**04/03/07**    Copies of checks from Doris Kaufman to employees of Gotham Services (nursing care), 16 pages.

**04/04/07**    Copy of Fax to Pat Hairston from AJT, with attached copy of letter of medical necessity from Dr. Srino Bharam dated 3/21/07, MD, PC. 2 Pages.

**04/06/07**    Copies of: Letter from Medical Account Services (St. Vincent's) to Miranda D'Ancona, attached copy of same letter, Letter and Form from Medical Account Services, billing agent for Radiology Prof. Svcs of St. Vincents, bill for $26.00, 1 page. Attached is completed No-Fault Claim Form 1 page, plus description of accident, 1 page. Attached New York Motor Vehicle No-Fault Insurance Law Assignment of Benefits Form, completed, copy of New York Motor Vehicle No-Fault Insurance Law Hospital Facility Form, another New York Motor Vehicle No-Fault Insurance Law Assignment of Benefits Form.

**04/09/07**    Invoices from Gotham Per Diem, Inc., 17 pages.

**04/10/07**    Fax from Doris Kaufman- two copies of letters from St. Vincents: Plan of Care Following Hospitalization and Treatment, Bill for $626.10, Service Agreement from EBI for noninvasive Bone Growth System.

**04/15/07**    Fax cover from Doris Kaufman to AJT, attached form from St. Vincent's dated 4/13/07, Plan of Care following Hospitalization, discharge to Sub-Acute Physical Rehabilitation at 607 Hudson St., NYC 10014.

**04/18/07**    Page 2 of bill from Srino Bharam, MD, for $5844.87

**04/19/07**    Letter from CNA to AJT, advising that $7,196.00 had been paid to Doris Kaufman for nursing care for Miranda D'Ancona. 1 Page. Attached copy of letter. Attached is copy of letter from Dr. Srino Bharam, dated 03/21/07.

**04/24/07**    Fax cover from Doris Kaufman, attached 5 pages of bills from Gotham.

**04/24/07**    Copy of letter from Medicaid CMS to Greenwich Medical Anaesthetics, sent to Miranda D'Ancona. 2 Pages.

**04/24/07**    Letter to AJT from CNA, Pat Hairston.

**04/27/07**    Fax cover from Doris Kaufman, attached is Miranda D'Ancona's SACD contract, Articles 1-16 and CNA check for $7,196.

**04/29/07**    Fax cover from Doris Kaufman, attached is letter from AARP Health Care Insurance Co. To Ms. D'Ancona, dated 04/24/07 Bill for $26.00 from Radiology Prof. Svcs. Of St. Vincents, and note from Michelle Boyle from AARP Health Care Options.

**04/30/07**    Letter from AJT to Srino Bharam, 1 page, requesting another letter of medical necessity.

**05/03/07**    Fax cover from Doris Kaufman, attached is another copy of 4/24/07 letter from AARP HealthCare Insurance Co.

**05/03/07**    Fax cover from Doris Kaufman to AJT, attached portions of Miranda's telephone and television bill from Saint Vincent's Hospital, 1 page, Statement of Account from St. Vincent's, 2 pages.

**05/09/07**    Fax cover and letter from AJT to Pat Hairston at CNA, with attached phone/television bill from St. Vincent's.

**05/10/07**    Letter from Pat Hairston declining payment of TV and telephone bill.

**05/10/07**    Letter from CNA requesting updated treatment status for Doris Kaufman.

**05/11/07**    Letter from Medical Account Services, Inc. To Miranda D'Ancona with attached original, completed New York Motor Vehicle No-Fault Insurance Law Assignment of Benefits Form, pages 1 and 2.

**05/16/07**    3 page fax from Doris Kaufman, 2 page account of accident by Doris Kaufman and 1 page yahoo email to Doris Kaufman from David Rosenberg, giving Miranda's statement and account of the accident on 2/19/07.

**05/21/07**    Fax cover from Doris Kaufman to AJT, yet another copy of phone/TV bill from St. Vincent's,

**05/22/07**    Itemized statement of charges from St. Vincent's Catholic Medical Centers. Adjustments were $106,260.99, amount due: $31,512.14. 2 pages.

3

**06/09/07**    Saint Vincent's Hospital Abstract for Miranda D'Ancona, 105 pages.

**06/09/07**    SDS invoice for 105 pages of medical records for Miranda D'Ancona, totaling $84.55.

**06/19/07**    U.S. District Court, Sourthern District of New York, Complaint filed with Judge Swain. Receipt for $350.00 filing fee attached. Attached copy of civil cover sheet, 2 pages.

**06/19/07**    Summons in a Civil Action, signed and sealed by Judge Swain. 07 CV 5788

**06/20/07**    Letter to Vicky England (CNA) informing her of litigation.

**07/04/07**    Letter from Miranda D'Ancona, to AJT, dismissing him from representation.

**07/11/07**    Letter to Vicky England (CNA), requesting her to acknowledge full liability.

**07/16/07**    D&B business report update on D&R Transport., 1 page.

**07/18/07**    Letter from Pat Hairston to AJT.

**07/20/07**    Application for Order To Show Cause which was denied without prejudice to renew.

**07/25/07**    Fax of Letter from David Horowitz, PC., 3 pages.

**07/27/07**    Copy of Notice of Charging Lien, Pursuant to Section 475 Of the Judiciary Law.

**EXHIBIT F**



IAL-WHITE          DUPLICATE-YELLOW          TRIPLICATE-PINK

RECEIPT FOR PAYMENT

**UNITED STATES DISTRICT COURT**
for the
SOUTHERN DISTRICT OF NEW YORK

**E** 618737

at _____

RECEIVED FROM    A. Joseph Tardet

07 civ 5788 (LTS)

| Fund | |
|------|---|
| 6855XX | Deposit Funds |
| 604700 | Registry Funds |
| | General and Special Funds |
| 508800 | Immigration Fees |
| 085000 | Attorney Admission Fees |
| 086900 | Filing Fees |
| 322340 | Sale of Publications |
| 322350 | Copy Fees |
| 322360 | Miscellaneous Fees |
| 143500 | Interest |
| 322380 | Recoveries of Court Costs |
| 322386 | Restitution to U.S. Government |
| 121000 | Conscience Fund |
| 129900 | Gifts |
| 504100 | Crime Victims Fund |
| 613300 | Unclaimed Monies |
| 510000 | Civil Filing Fee ($\frac{1}{2}$) |
| 510100 | Registry Fee |

Checks and drafts are accepted subject to col-
lection and full credit will only be given when the
check or draft has been accepted by the financial
institution on which it was drawn.

DEPUTY CLERK:

| DATE: | | Cash | Check | M.O. | Credit |
|-------|---|------|-------|------|--------|
| 20 | | | | | |

JS 44C/SDNY
REV. 12/2005

# CIVIL COVER SHEET

 COPY

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Miranda D'Ancona,<br>Marie Rupert,<br>Doris Kaufman | D&R Transport, (AKA P.S. Inc.),<br>Donald P. Moore |

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER          ATTORNEYS (IF KNOWN)

A Joseph Tandet, 488 Madison Avenue, Suite 1100
New York, NY 10022 tel: (212) 486-9494

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

Damages for personal injuries.

Has this or a similar case been previously filed in SDNY at any time? No ☒  Yes? ☐  Judge Previously Assigned

If yes, was this case Vol.☐  Invol. ☐  Dismissed. No☐ Yes ☐  If yes, give date _____ & Case No. _____

*(PLACE AN [x] IN ONE BOX ONLY)*          NATURE OF SUIT

ACTIONS UNDER STATUTES

|  | TORTS |  | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| **CONTRACT** | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ]610 AGRICULTURE | [ ]422 APPEAL<br>28 USC 158 | [ ]400 STATE<br>REAPPORTIONMENT |
| [ ]110 INSURANCE | [ ]310 AIRPLANE | [ ]362 PERSONAL INJURY - | [ ]620 FOOD & DRUG | [ ]423 WITHDRAWAL | [ ]410 ANTITRUST |
| [ ]120 MARINE | [ ]315 AIRPLANE PRODUCT | MED MALPRACTICE | [ ]625 DRUG RELATED<br>SEIZURE OF | 28 USC 157 | [ ]430 BANKS & BANKING |
| [ ]130 MILLER ACT | LIABILITY | [ ]365 PERSONAL INJURY | PROPERTY | | [ ]450 COMMERCE/ICC |
| [ ]140 NEGOTIABLE | [ ]320 ASSAULT, LIBEL & | PRODUCT LIABILITY | 21 USC 881 | **PROPERTY RIGHTS** | RATES/ETC |
| INSTRUMENT | SLANDER | [ ]368 ASBESTOS PERSONAL | [ ]630 LIQUOR LAWS | | [ ]460 DEPORTATION |
| [ ]150 RECOVERY OF | [ ]330 FEDERAL | INJURY PRODUCT | [ ]640 RR & TRUCK | [ ]820 COPYRIGHTS | [ ]470 RACKETEER INFLU- |
| OVERPAYMENT & | EMPLOYERS' | LIABILITY | [ ]650 AIRLINE REGS | [ ]830 PATENT | ENCED & CORRUPT |
| ENFORCEMENT OF | LIABILITY | | [ ]660 OCCUPATIONAL | [ ]840 TRADEMARK | ORGANIZATION ACT |
| JUDGMENT | [ ]340 MARINE | **PERSONAL PROPERTY** | SAFETY/HEALTH | | (RICO) |
| [ ]151 MEDICARE ACT | [ ]345 MARINE PRODUCT | | [ ]690 OTHER | | [ ]480 CONSUMER CREDIT |
| [ ]152 RECOVERY OF | LIABILITY | [ ]370 OTHER FRAUD | | **SOCIAL SECURITY** | [ ]490 CABLE/SATELLITE TV |
| DEFAULTED | [x]350 MOTOR VEHICLE | [ ]371 TRUTH IN LENDING | **LABOR** | | [ ]810 SELECTIVE SERVICE |
| STUDENT LOANS | [ ]355 MOTOR VEHICLE | [ ]380 OTHER PERSONAL | | [ ]861 MIA (1395FF) | [ ]850 SECURITIES/ |
| (EXCL VETERANS) | PRODUCT LIABILITY | PROPERTY DAMAGE | [ ]710 FAIR LABOR | [ ]862 BLACK LUNG (923) | COMMODITIES/ |
| [ ]153 RECOVERY OF | [ ]360 OTHER PERSONAL | [ ]385 PROPERTY DAMAGE | STANDARDS ACT | [ ]863 DIWC (405(g)) | EXCHANGE |
| OVERPAYMENT OF | INJURY | PRODUCT LIABILITY | [ ]720 LABOR/MGMT | [ ]863 DIWW (405(g)) | [ ]875 CUSTOMER |
| VETERANS BENEFITS | | | RELATIONS | [ ]864 SSID TITLE XVI | CHALLENGE |
| [ ]160 STOCKHOLDERS SUITS | | | [ ]730 LABOR/MGMT | [ ]865 RSI (405(g)) | 12 USC 3410 |
| [ ]190 OTHER CONTRACT | | | REPORTING & | | [ ]891 AGRICULTURE ACTS |
| [ ]195 CONTRACT PRODUCT | | | DISCLOSURE ACT | | [ ]892 ECONOMIC |
| LIABILITY | | | [ ]740 RAILWAY LABOR ACT | **FEDERAL TAX SUITS** | STABILIZATION ACT |
| [ ]196 FRANCHISE | | | [ ]790 OTHER LABOR | | [ ]893 ENVIRONMENTAL |
| | **ACTIONS UNDER STATUTES** | | LITIGATION | [ ]870 TAXES | MATTERS |
| | | | [ ]791 EMPL RET INC | [ ]871 IRS-THIRD PARTY | [ ]894 ENERGY |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | SECURITY ACT | 20 USC 7609 | ALLOCATION ACT |
| | | | | | [ ]895 FREEDOM OF |
| [ ]210 LAND CONDEMNATION | [ ]441 VOTING | [ ]510 MOTIONS TO | | | INFORMATION ACT |
| [ ]220 FORECLOSURE | [ ]442 EMPLOYMENT | VACATE SENTENCE | | | [ ]900 APPEAL OF FEE |
| [ ]230 RENT LEASE & | [ ]443 HOUSING | 28 USC 2255 | | | DETERMINATION |
| EJECTMENT | ACCOMMODATIONS | [ ]530 HABEAS CORPUS | | | UNDER EQUAL ACCESS |
| [ ]240 TORTS TO LAND | [ ]444 WELFARE | [ ]535 DEATH PENALTY | | | TO JUSTICE |
| [ ]245 TORT PRODUCT | [ ]445 AMERICANS WITH | [ ]540 MANDAMUS & OTHER | | | [ ]950 CONSTITUTIONALITY |
| LIABILITY | DISABILITIES - | [ ]550 CIVIL RIGHTS | | | OF STATE STATUTES |
| [ ]290 ALL OTHER | EMPLOYMENT | [ ]555 PRISON CONDITION | | | [ ]890 OTHER STATUTORY |
| REAL PROPERTY | [ ]446 AMERICANS WITH | | | | ACTIONS |
| | DISABILITIES -OTHER | | | | |
| | [ ]440 OTHER CIVIL RIGHTS | | | | |

*Check if demanded in complaint:*

CHECK IF THIS IS A CLASS ACTION          DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
UNDER F.R.C.P. 23                         IF SO, STATE:

DEMAND $_____ OTHER _____  JUDGE _____ DOCKET NUMBER_____

*Check YES only if demanded in complaint*
JURY DEMAND: ☐ YES ☐ NO          NOTE:  Please submit at the time of filing an explanation of why cases are deemed related.

*(PLACE AN x IN ONE BOX ONLY)*                    **ORIGIN**

☒ 1 Original Proceeding  ☐ 2a. Removed from State Court  ☐ 2b. Removed from State Court AND at least one party is a pro se litigant  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from (Specify District)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge Judgment

*(PLACE AN x IN ONE BOX ONLY)*                **BASIS OF JURISDICTION**              ***IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1332, 1441)***

☐ 1 U.S. PLAINTIFF    ☐ 2 U.S. DEFENDANT    ☐ 3 FEDERAL QUESTION (U.S. NOT A PARTY)    ☒ 4 DIVERSITY

### CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF | DEF |  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [x] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [x] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

**PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)**

Miranda D'Ancona, 265 Cherry St., Apt 237, City and County of New York, New York, 10002
Marie Rupert, 125 Christopher St., City and County of New York, New York 10014
Doris Kaufman, 265 Cherry St., Apt. 237, City and County of New York, New York, 10002

**DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)**

D&R Transport (AKA P.S. Inc.), 1154 Highway 109 N, Lebanon, Wilson County, Tennessee, 37090
Donald P. Moore, 16 Donald Dr., Candler, Buncombe County, North Carolina, 28715

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:    THIS ACTION SHOULD BE ASSIGNED TO:    ☐ WHITE PLAINS    ☒ FOLEY SQUARE
(DO NOT check either box if this a PRISONER PETITION.)

| DATE June 13, 2007 | SIGNATURE OF ATTORNEY OF RECORD | ADMITTED TO PRACTICE IN THIS DISTRICT |
|---|---|---|
| RECEIPT # | | [ ] NO  [x] YES (DATE ADMITTED Mo. May  Yr. 1952 ) Attorney Bar Code # AT 9078 |

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

✎AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Southern | District of | New York |

Miranda D'Ancona, Marie Rupert, Doris Kaufman

V.

D&R Transport (AKA P.S. Inc), Donald P. Moore

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: **07 CV 5788**

**JUDGE SWAIN**

TO: (Name and address of Defendant)

D&R Transport (AKA P.S. Inc.),
1154 Highway 109 N, Lebanon, TN 37090

Donald P. Moore
16 Donald Dr., Candler, NC 28715

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

A Joseph Tandet
488 Madison Avenue, Suite 1100
New York, NY 10022

an answer to the complaint which is served on you with this summons, within _____ 30 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**                    JUN 1 9 2007

CLERK                                                          DATE

(By) DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------x
```

| | |
|---|---|
| Miranda D'Ancona,<br>Marie Rupert,<br>Doris Kaufman,<br>          Plaintiffs,<br><br>  - against -<br><br>D&R Transport (AKA P.S. Inc),<br>Donald P. Moore<br>          Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

Civil Action No.:

**COMPLAINT**

```
------------------------------------------------------------x
```

## COMPLAINT

(a)     Jurisdiction founded on a diversity of citizenship and amount.

(b)     Plaintiff Miranda D'Ancona is a citizen of the State of New York.

(c)     Plaintiff Marie Rupert is a citizen of the State of New York

(d)     Upon knowledge and information sufficient to form a belief, Defendant  D&R Transport is a corporation incorporated under the laws of the state of Tennessee, having its principal place of business in a State other than the State of New York.

(e)     Defendant Donald Moore at all times hereinafter mentioned, upon information and belief was an employee of D&R Transport and residing in the State of North Carolina.

(f)     The matter in controversy exceeds, exclusive of interest and costs, the sum of $1,000,000.00

(g)     On February 19, 2007 on a public highway called Christopher Street in the Borough of Manhattan, City and State of New York, Defendant, D&R Transport (AKA P.S. Inc) through its servant, agent and/or employee Donald P. Moore

drove a motor vehicle, specifically an 18 wheeler trailer truck, negligently onto

the public highway known as Christopher Street, causing D & R Transport's truck

to strike Plaintiffs Miranda D'Ancona, Marie Rupert and Doris Kaufman, who

were then lawfully walking upon the sidewalk of this public highway Christopher

Street in the Borough of Manhattan, City and State of New York.

(h)    The following occurred as a result of the Defendant's negligence:

> Plaintiff Miranda D'Ancona was thrown down to the ground and had her
>
> leg broken in many places, after having been struck by a fire hydrant
>
> caused to strike the Plaintiff by Defendant's truck. The Fire Hydrant was
>
> located on Christopher Street, and by striking Plaintiff caused her to
>
> sustain severe and permanent personal injuries.
>
> Plaintiff Marie Rupert was thrown down and had her leg and her body
>
> severely injured, causing her to suffer great pain of body and mind.
>
> Doris Kaufman was thrown down and sustained severe emotional and
>
> cerebral injuries, causing her to suffer great pain of body and mind, and
>
> she sustains emotional trauma.

(i)    All three Plaintiffs have suffered great pain of body and mind solely through the

recklessness, carelessness and negligence of the Defendant, its servants, agents

and/or employees, and without any fault of the Plaintiffs contributing thereto.

(j)    All three Plaintiffs named incurred extensive expenses for medical attention and

hospitalization.

(k)    That the Plaintiff Miranda D'Ancona has suffered severe permanent injuries and

fractures and has been confined to the hospital since the date of the accident,

February 19, 2007, and will continue to be confined for the foreseeable future.

Plaintiff Miranda D'Ancona has incurred expenses for medical attention and

hospitalization in excess of $500,000.00.

(l)     That Plaintiff Marie Rupert has suffered severe permanent injuries and is confined

to bed and home, incurring expenses for medical expenses in the sum of

$300,000.00 and has sustained permanent disability, causing her to receive

continual medical treatment.

(m)     Doris Kaufman has suffered emotional trauma and post-traumatic stress disorder,

and has incurred expenses for medical attention in the sum of $200,000.00.


WHEREFORE, Plaintiffs demand judgment against Defendants in the following manner:

Miranda D'Ancona: $500,000.00 against Defendants jointly and severally;

Marie Rupert: $300,000.00 against Defendants jointly and severally;

Doris Kaufman: $200,000.00 against Defendants jointly and severally;

all together with costs, disbursements and such other and further relief as this Court

deems just and proper.


Dated:  New York, New York
        June ____, 2007


                                        _____
                                        A. Joseph Tandet
                                        Attorney for Plaintiffs
                                        488 Madison Avenue - Suite 1100
                                        New York, NY 10022
                                        212-486-9494

                                        Attorney Bar Code: AT9078

**EXHIBIT G**

Blumberg        *C 540-Contingent Retainer-Straight 33 1/3 Percent-*
Law Products    *1st and 2nd Dept., App. Div. 9-78*

To:     <u>DAVID HOROWITZ, P.C.</u>            *Retainer Agreement*
        <u>276 FIFTH AVENUE, STE. 405</u>
        <u>NEW YORK, NEW YORK 10001</u>

*The Undersigned, residing at* 265 CHERRY STREET APT 23J / New York N.Y. 10002

*hereby retains you to prosecute or adjust a claim for damages arising from personal injuries sustained by* ME

*loss of services of*_____

*property damage to*_____

*on the* 19 *day of* FEBRUARY _____, 2007, *through the negligence of* OPERATOR + OWNER OF TRUCK

*or other persons, and the undersigned hereby gives you the exclusive right to take all legal steps to enforce the said claim and hereby further agrees not to settle this action in any manner without your written consent.*

*In consideration of the services rendered and to be rendered by you, the undersigned hereby agrees to pay you and you are authorized to retain out of any moneys that may come into your hand by reason of the above claim:*

*Thirty three and one-third (33-1/3) percent of the sum recovered, whether recovered by suit, settlement or otherwise.*

*Such percentage shall be computed on the net sum recovered after deducting from the amount recovered expenses and disbursements for expert testimony and investigation or other services properly chargeable to the enforcement of the claim or prosecution of the action. In computing the fee, the costs as taxed, including interest upon a judgment, shall be deemed part of the amount recovered. For the following or similar items there shall be no deduction in computing such percentages; liens, assignments or claims in favor of hospitals, for medical care and treatment by doctors and nurses, or self-insurers or insurance carriers.*

Dated___7 / 4_____, 2007.     X Miranda d'Anconia

Witness_____     _____(L.S.)

**EXHIBIT H**

**FedEx Express**
**US Airbill**

FedEx Tracking Number: **8587 1881 0582**

**1** Sender's FedEx Account Number

Date: 4/11/07

Sender's name: David Horowitz, Esq.    Phone ( 212 ) 684-3630

Company: DAVID HOROWITZ PC

Address: 276 5TH AVE RM 405

City: NEW YORK    State: NY    ZIP: 10001-4509

**2** Your Internal Billing Reference: Miranda D'Ancona
First 24 characters will appear on invoice.

**3** To
Recipient's Name: A. Joseph Jandet, Esq.    Phone ( 212 ) 486-9494

Company:

Recipient's Address: 488 Madison Ave

Address:

City: NY    State: NY    ZIP: 10022

0344997242

**4a Express Package Service**    *Packages up to 150 lbs.*
- [ ] FedEx Priority Overnight
- [ ] FedEx Standard Overnight
- [ ] FedEx First Overnight
- [ ] FedEx 2Day
- [ ] FedEx Express Saver

**4b Express Freight Service**    *Packages over 150 lbs.*
- [ ] FedEx 1Day Freight
- [ ] FedEx 2Day Freight
- [ ] FedEx 3Day Freight

**5 Packaging**
- [x] FedEx Envelope
- [ ] FedEx Pak
- [ ] FedEx Box
- [ ] FedEx Tube
- [ ] Other

**6 Special Handling**
- [ ] SATURDAY Delivery
- [ ] HOLD Weekday at FedEx Location
- [ ] HOLD Saturday at FedEx Location
Does this shipment contain dangerous goods?
- [ ] No
- [ ] Yes    - [ ] Yes
- [ ] Cargo Aircraft Only
- [ ] Dry Ice

**7 Payment** Bill to:
- [x] Sender
- [ ] Recipient
- [ ] Third Party
- [ ] Credit Card
- [ ] Cash/Check

Total Packages    Total Weight    Total Declared Value $ .00

**8 NEW Residential Delivery Signature Options**
- [x] No Signature Required
- [ ] Direct Signature
- [ ] Indirect Signature

**519**

Sender's Copy

PULL AND RETAIN THIS COPY BEFORE AFFIXING TO THE PACKAGE. NO POUCH NEEDED.

# DAVID HOROWITZ, P.C.

**COUNSELOR AT LAW**
**276 FIFTH AVENUE**
**NEW YORK, NEW YORK 10001**
**Tel: (212) 684-3630**
**Fax: (212) 685-8617**

July 11, 2007

A. Joseph Tandet, Esq.
488 Madison Avenue
Suite 1100
New York, New York 10022

                    Re: Miranda d'Ancona
                        Date of Accident: 2/19/07

Dear Sir:

Enclosed herewith please find letter duly executed by Miranda
d'Ancona requesting that you take no further action with
reference to the above captioned matter.  Kindly arrange for the
immediate transfer of the file.

Thank you for your anticipated cooperation.

                              Very truly yours,
                              DAVID HOROWITZ, P.C.

                              By: _____
                              DAVID HOROWITZ

DH/gg
Encl.

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

A. Joseph Tandet, Esq.
488 Madison Avenue
Suite 1100
New York, New York 10022

                 Re: Miranda d'Ancona
                    Date of Accident: 2/19/07

July 4, 2007

Dear Joseph,

This is my legal statement that as of this date you do not represent me with reference to the above matter. Therefore you will take no further step with regard thereto. From this date forward I desire the law firm of David Horowitz, P.C. to represent me in the above action.

Will you please transmit all pertinent documents in your file with reference to this claim to David Horowitz, P.C., 276 Fifth Ave. New York, New York 10001, at your earliest convenience. Please direct all communications to David.Horowitz, P.C..

Sincerely yours,

Miranda d'Ancona

Miranda d'Ancona

**EXHIBIT I**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Swain, S.

------------------------------------------------x

Miranda D'Ancona,
Marie Rupert,
Doris Kaufman,

                **Plaintiffs,**

     - against -

D&R Transport (AKA P.S. Inc),
Donald P. Moore

                **Defendants.**

:
:
:
:
:
:
:
:
:
:
:
:

**Case Number: 07 CV 5788** (LTS)

~~ORDER TO SHOW CAUSE~~

**MEMO ENDORSED**

------------------------------------------------x

Upon reading and filing the annexed affirmation of A. Joseph Tandet, Esq., sworn to on August 8, 2005, and all the pleadings and proceedings held herein, let Plaintiff Miranda D'Ancona show cause before before Judge Swain of this Court, to be held in Room 755 in the Courthouse, located at 500 Pearl Street, Borough of Manhattan, City and State of New York, on July ___, 2007, at _____ A.M. in the forenoon of that day or as soon thereafter as counsel can be heard,

     Allowing A. Joseph Tandet, Esq. to have his fee fixed by the court in view of the letter to him by the Plaintiff, Miranda D'Ancona and the letter from attorney David Horowitz, both attached hereto and made a part hereof; and based upon the attached, signed two-page Retainer Agreement signed by Miranda D'Ancona with her then Attorney, A Joseph Tandet, Esq., providing for Mr. Tandet's fees to be fixed on a *quantum meruit* basis, since he has been discharged without cause.

     And for such other and further relief as to the Court may seem just and proper;

     NOW THEREFORE IT IS ORDERED, that all proceedings be stayed until the _____ day of _____, 2007 to give the Plaintiff time to consult with her attorney;

     SUFFICIENT REASON APPEARING THEREFORE, let service of a copy of this order by certified mail return receipt requested, together with the papers upon which it was granted upon the Plaintiff, Miranda D'Ancona, and the Plaintiff's current attorney, David Horowitz, Esq. at his office, on or before the ____ day of _____, 2007, be deemed good and sufficient service.

ORDERED, THAT the application to proceed by order to show cause is DENIED, without prejudice to regular motion practice including a Memorandum of law demonstrating the jurisdictional basis of the application. The Clerk shall serve copies of this Memorandum endorsement upon Mr Tandet and upon Mr Horowitz.

ENTERED:

_____ 7/20/2007
USDS

**EXHIBIT J**



July 11, 2007

CNA
Motor Transport Specialty
Attn: Vicky England
PO Box 17910
Denver, CO 80217

**_Re:_**    **_D'Ancona, Rupert, Kaufman, February 19, 2007_**
        **_Claim No. EK909632 (No-Fault claim), Index No. 07 CV5788_**

Dear Ms. England,

      You may recall that I am the attorney for Miranda D'Ancona, Marie Rupert and Doris Kaufman and am representing them in their claim for damages for personal injuries arising out of an accident caused by your assureds, D&R Transport and their driver Donald P. Moore. The accident occurred, through no fault of my clients, on February 19, 2007, when my clients were walking on Christopher Street near Bleecker Street in Greenwich Village, New York, New York, 10014.

      The trailer truck which caused the accident was then and there owned and operated by D&R Transport and its servant, agent and/or employee, namely Donald P. Moore, who carelessly, recklessly and negligently caused the severe personal injuries sustained by my clients.

      You have acknowledged liability under my clients' No-Fault claim. I have also filed No-Fault claims on behalf of my clients to conform to time-constraints. Complying with this No-Fault claim, you have sent my clients at my request, in particular to reimburse medical expenses for Miranda D'Ancona, your checks totaling approximately $11,000.00

      We have discussed this matter on the telephone and in writing many times, and you have agreed that there is no issue of liability due to your client's sole negligence and responsibility in causing the fire hydrant, located at the site of the accident, to be dislodged by your assured's truck and causing it to strike, in particular, Miranda D'Ancona as well as Marie Rupert and Doris Kaufman.

      The damages resulting to Miranda D'Ancona in particular, have caused her to sustain numerous fractures and physical injuries and to be confined from February 19, 2007,  the date of the accident, to hospital facilities including St. Vincent's Hospital in Manhattan, New York. This confinement continues to date and will continue for the foreseeable future.

She is permanently disabled.

My other clients, Marie Rupert and Doris Kaufman have likewise sustained personal injuries.

I have prepared and filed in The United States District Court, Southern District of New York, a Summons and Complaint against your assureds and have filed same in Court under Index Number 07/CV5788 and have sent you copies of same.

You have told me many times that there was no need to have a Summons and Complaint served on your assureds since you conceded to me that there was no issue as to liability, only as to the extent of the damages sustained by my clients, in particular, Miranda D'Ancona.

In view of your representations to me as to liability, you have requested that I delay serving the Summons and Complaint on D&R and Donald P. Moore. You also stated that you believe the matter would be settled and that your insurance policy limits were $1 million for all the Plaintiffs, but principally for Miranda D'Ancona and that there was no excess policy limit.

As a result of your request I have not attempted to serve the Summons and Complaint against your assureds.

I have also complied with the requirements of my clients' No-Fault claim by serving you with the necessary papers.

In consideration of this forbearance on my part, I request you sign an extra copy of this letter, which is enclosed, containing your concession that your assureds bore total responsibility for liability and the injuries caused by my clients, with the only issue being the extent of the injuries and the amount of the damages. After you sign the copy of this letter, conceding liability, please mail it back to me in the enclosed self-addressed stamped envelope.

Your cooperation will facilitate the possible resolution of this matter.


Very truly yours,


A Joseph Tandet.

**Exhibit K**

 **Small Business Solutions**       D&B Business Background Report™

 Print this report

D&B has not fully revised this report since 06-28-05 and this report,
therefore, should not be considered a statement of existing fact. The
information present may refer to information obtained by D&B after the last
full revision date. Such information may not currently relate to this
business due to possible changes in ownership, control, or legal status.

                    BUSINESS BACKGROUND REPORT

D&R TRANSPORT

DUNS: 14-307-6698                    DATE PRINTED: March 26, 2007

==================================================================

1154 HIGHWAY 109 N
LEBANON, TN 37090
Telephone: 615 444-6205              This is a Single location.

                                     Employees Total: 2

Top Executive: GREG DOSTER, PRINCIPAL

==================================================================

INDUSTRY

Line of Business:  TRUCKING OPERATOR-NONLOCAL

Primary SIC:

    4213   (TRUCKING OPERATOR-NONLOCAL)

==================================================================

OPERATIONS

06/28/05      Provides non-local trucking.
              EMPLOYEES:  2.
              FACILITIES:  Occupies premises in building.

==================================================================

CUSTOMER SERVICE

If you need any additional information or have any questions regarding this
report, please call our Customer Service Center at 1-800-234-DUNS(3867).

==================================================================
              END OF DUN & BRADSTREET BUSINESS BACKGROUND REPORT

==================================================================

# DAVID HOROWITZ, P.C.

### INDEX NO.: 07 CV 5788 (LTS)

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

====================================================================

**Miranda d'Ancona, Marie Rupert, Doris Kaufman,**

**Plaintiffs,**

**-against-**

**D&R Transport (AKA P.S. Inc.), Donald P. Moore,**

**Defendants.**

====================================================================

**Notice of Motion, Declaration in Support and Memorandum of Law**

====================================================================

**DAVID HOROWITZ, P.C.**
*Attorney for Plaintiff*
*Office and Post Office Address, Telephone*
**276 Fifth Avenue - Suite 405**
**New York, New York 10001**
**212-684-3630**

────────────────────────────────────────────────────────────────

**To:**
**Attorney(s):**

────────────────────────────────────────────────────────────────

**Service of a copy of the within**
**is hereby admitted.**
**Dated:**

────────────────────────────────────────────────────────────────

**From: Attorney(s)**

────────────────────────────────────────────────────────────────