UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
Miranda D'Ancona, Marie Rupert, Doris
Kaufman,

                         Case No.: 07 CV 5788 (LTS)

             Plaintiffs,

      -against-

D&R Transport(AKA P.S. Inc.),
Donald P. Moore

             Defendants.
--------------------------------------------------------X

MEMORANDUM OF LAW
IN SUPPORT OF MOTION
TO DISPLACE COUNSEL FOR
PLAINTIFF MIRANDA D'ANCONA
AND TO
DISCHARGE ANY ENTITLEMENT TO A FEE OWED TO OUTGOING CONSEL

                         DAVID HOROWITZ, P.C.
                         Attorney for Plaintiff
                         276 Fifth Avenue, Suite 405
                         New York, New York 10001
                         (212) 684-3630

Of Counsel:

Steven J. Horowitz

## PRELIMINARY STATEMENT

The instant application requests that plaintiff Miranda D'Ancona ("D'Ancona") be permitted to substitute David Horowitz, P.C. ("incoming counsel") as her attorneys of record in place of A. Joseph Tandet, Esq. ("outgoing counsel")   This application also seeks a determination that outgoing counsel was discharged for cause and is therefore not entitled to any fee in connection with the handling of this matter.

## STATEMENT OF FACTS

In the interest of judicial economy, the Court is respectfully referred to the affidavit of plaintiff Miranda D'Ancona as well as the declaration of Steven J. Horowitz submitted in support of the within application.

## JURISDICTION

Local Rule 1.4 of this Court provides that:

> An attorney who has appeared as attorney of record for a party may
> be relieved or displaced only by order of the court and may not
> withdraw from a case without leave of the court granted by order.

Local Civil Rule 1.4.  With respect to the discharge of outgoing counsel, the New York Code of Professional Responsibility requires that a lawyer discharged by his client shall withdraw from such representation.  See D.R. §2-110(B)(4).  Thus, it is apparent that this Court has jurisdiction to effectuate the substitution as inherent in its power to enforce its own rules.

Moreover, a Federal Court may also, in its discretion, exercise ancillary jurisdiction to hear fee disputes and lien claims between litigants and their attorneys when the dispute relates to the main action regardless of the jurisdictional basis of the main action.  Marrero v. Christiano, 575 F.Supp. 837 (S.D.N.Y. 1983).  See also National Equip. Rental Ltd. V. Mercury Typesetting

Co., 323 F.2d 784 (2d Cir. 1963) ("The law seems well settled that a federal district court may condition the substitution of attorneys in litigations pending before it upon the client's either paying the attorney or posting security for the attorney's reasonable fees and disbursements as may be determined. [citations omitted]."); Universal Acupuncture Pain Svcs., P.C. v. Quadrino & Schwartz, P.C., 3760 F.3d 259 (2d Cir. 2004) ("We review the district court's denial of attorney's fees for abuse of discretion."); McDermott v. Great American Alliance Ins. Co., 2006 WL 2038452 (N.D.N.Y. 2006) (""It is well established that as the forum in which this action is pending this court, in its discretion, may exercise ancillary jurisdiction and resolve a fee dispute which relates directly to the action. [citations omitted].")

It is therefore respectfully submitted that this Court may properly hear the instant application in its entirety. Furthermore, not only should this Court effectuate the substitution, but it should exercise its discretion and deny outgoing counsel a fee as said counsel appeared before this court in an improper representation. See infra Point II. To be sure, a discharge in an improper representation directly affects the management and conduct of this Court's officers in appearing before it. This Court is therefore best situated to determine the efficacy of such a representation in its proceedings.

CHOICE OF LAW

The factors involved in effectuating an attorney substitution in this forum are governed by New York law. See Marrero v. Christiano, 575 F.Supp. 837 (S.D.N.Y. 1983); Cook v. Moran Atlantic Towing Corp., 79 F.R.D. 392 (S.D.N.Y. 1978).

<u>ARGUMENT</u>

POINT I:     <u>THIS COURT SHOULD ISSUE AN ORDER DISPLACING OUTGOING
             COUNSEL WITH INCOMING COUNSEL.</u>

A client may discharge an attorney at any time, with or without cause.  <u>See</u> <u>Lai Ling</u>

<u>Cheng v. Modansky Leasing Co., Inc.</u>,73 N.Y.2d 454, 541 N.Y.S.2d 742 (N.Y. 1989).

In the instant matter, it is undisputed that Ms. D'Ancona discharged outgoing counsel (D'Ancona

Affidavit; Exhibit "H").  Accordingly, this Court should permit the substitution by issuing an

Order effectuating same as required by Local Rule 1.4.

POINT II:     <u>OUTGOING COUNSEL IS NOT ENTITLED TO A FEE AS HE VIOLATED A
              SPECIFIC DISCIPLINARY RULE AND WAS DISCHARGED FOR CAUSE.</u>

Where the client discharges an attorney without cause, the attorney is entitled to recover

compensation from the client measured by the fair and reasonable value of the services rendered

whether that be more or less then the contracted fee.  <u>See</u> <u>id</u>.  <u>See</u> <u>also</u> <u>Matter of Cohen v.</u>

<u>Grainger, Tesoriero & Bell</u>, 81 N.Y. 655, 602 N.Y.S.2d 788 (N.Y. 1993).   The outgoing attorney

maintains a common law retaining lien on the papers in his file which is dependent upon his

continued possession of them. <u>Lebovic v. P. Ballantine & Sons, Inc.</u>, 12 A.D.2d 494 (App. Div.

2d Dep't 1960).  Additionally, the Judiciary Law grants an attorney who appears for a party after

the commencement of an action a charging lien. <u>See</u> Judiciary Law §475.  This charging lien

attaches to a verdict, report, determination, decision, judgment or final order in his client's favor,

and the proceeds thereof in whatever hands they may come and the lien cannot be affected by any

settlement between the parties before or after judgment, final order or determination.  <u>See</u> <u>id</u>.

The Court upon the petition of the client or attorney may determine and enforce the lien.  <u>See</u> <u>id</u>.

Where an attorney is discharged for cause, however, he is not entitled to compensation for

-4-

services improperly rendered.  See  Teichner v W & J Holsteins, Inc., 64 N.Y.2d 977 (N.Y.

1985) appeal after remand 128 AD2d 1030, 512 NYS2d 611 (App. Div. 1st Dep't)  app. den. 70

NY2d 606, later proceeding 161 AD2d 454 (App. Div. 1st Dep't) appeal dismissed without op.

77 N.Y.2d 873.  The Court of Appeals stated the rule succinctly: "If the discharge is with cause,

the attorney has no right to compensation or to a retaining lien [citation omitted]." Id. at 979.

Accordingly, that attorney is not entitled to a common law retaining lien or a charging lien

pursuant to Judiciary Law §475.  See id.  Thus, outgoing counsel's assertion of a lien either

confirmed or created by contract must fail if the firm was discharged for cause.

     The corollary to this rule is that "[a]n attorney who engages in misconduct by violating

the Disciplinary Rules is not entitled to legal fees for any services rendered." See Matter of

Winston, 214 A.D.2d 677 (App. Div. 2d Dep't 1995); Brill v. Friends World College, 133

A.D.2d 729 (App. Div. 2d Dep't 1987).

     Disciplinary Rule 5-105(A) provides:

> A lawyer shall decline proffered employment if the exercise of
> independent professional judgment in behalf of a client will be or
> is likely to be adversely affected by the acceptance of the proffered
> employment, or if it would be likely to involve the lawyer in
> representing differing interests, except to the extent permitted
> under subdivision (c) of this section.

Accordingly, multiple representation of parties with conflicting interests has been held to violate

this Disciplinary Rule and warrant forfeiture of an attorney's fee earned in connection with such

an improper representation.  See, e.g. Quinn v. Walsh, 18 A.D.3d 638 (App. Div. 2d Dep't

2005); Pessoni v. Rabkin, 220 A.D.2d 732 (App. Div. 2d Dep't 19995); Brill v. Friends World

College, 133 A.D.2d 729 (App. Div. 2d Dep't 1987).  Thus, the central issue before this Court

relating to outgoing counsel's entitlement to a fee is whether he represented differing interests by representing these plaintiffs and thereby violated D.R. 5-105 (A).[1]

In the instant matter, outgoing counsel discovered the limited nature of the available fund from which the plaintiffs could recover. Specifically, prior to the commencement of the lawsuit, outgoing counsel was aware of the limited insurance coverage (Exhibit "J"). His asset search, albeit wholly insufficient, confirmed the limited nature of the fund from which plaintiffs could recover (Exhibit "K"). This information coupled with the absence of any potential comparative fault on the part of the plaintiffs rendered it likely that outgoing counsel's representation of these multiple plaintiffs, especially given the severity of Ms. D'Ancona's injuries (D'Ancona Affidavit; Exhibit "D"), involved conflicting interests in violation of D.R. 5-105(A). Indeed, Ms. D'Ancona sought recovery for an injury that could exceed the available fund. Her co-plaintiffs, likewise sought recovery from that fund. As such, outgoing counsel should have reasonably anticipated that Ms. D'Ancona's interests were divergent from those of her co-plaintiffs. It is submitted, that such knowledge required outgoing counsel to withdraw or advise Ms. D'Ancona and her co-plaintiffs of the conflict and obtain written consent in accordance with D.R. 5-105(A).

Rather then withdraw or obtain such consent, outgoing counsel engaged in activity that conclusively demonstrates the adverse impact which the conflict of interest wrecked upon his ability to represent Ms. D'Ancona. Specifically, he commenced an action where he tailored the demand for judgment to the available insurance coverage, to wit: $500,000.00 for Ms.

---

[1]It must be further noted that outgoing counsel's failure to move to withdraw after his discharge violates a separate and distinct disciplinary rule then the one discussed in Point II, infra. As noted, the New York Code of Professional Responsibility required outgoing counsel withdraw from a representation once discharged by his client. See D.R. §2-110(B)(4). Outgoing counsel apparently refuses to adhere to the directive contained in this rule as well.

D'Ancona; $300,000.00 for Marie Rupert; and $200,000.00 for Doris Kaufman (Exhibit "F"). It is, however, beyond cavil, that a fact finder could properly ascribe a value to Ms. D'Ancona's injury well in excess of $500,000.00. Outgoing counsel's act, undertaken without consent, therefore, involved him in actively representing divergent interests to his client's detriment. In fact, outgoing counsel attempted to resolve the conflict between the plaintiffs on his own by arbitrarily assigning and circumscribing the values of the alleged damages sustained by them to fit neatly within the limited insurance policy. Accordingly, it is undeniable that outgoing counsel violated D.R. 5-105 and therefore forfeited his entitlement to any fee arising out of such representation.

Outgoing counsel nonetheless brazenly asserts that it is the act of filing the complaint that entitles him to his charging lien pursuant to Judiciary Law §475. The law cited supra is, however, clear: outgoing counsel may not benefit from his misdeed.

Moreover, Ms. D'Ancona's affidavit reveals that she discharged outgoing counsel due to this conflict of interest and therefore did so with cause (D'Ancona Affidavit). She believes the value of her injuries to exceed $500,000.00. She does not believe that the allegation in the complaint properly reflects the full value of her injuries given the absence of the potential for culpable conduct on her part. It is clear to her that outgoing counsel merely attempted to fit her injuries into the available proceeds and balance her interests with those of co-plaintiffs. She, however, was entitled to counsel who would zealously represent her interests without compromise for the interests of his other clients. See E-C 5-16; E-C 7-1. Ms. D'Ancona rightly felt entitled to an attorney who would so represent her and therefore discharged outgoing counsel for his failure in this regard. The discharge was therefore for cause thereby nullifying any right to

-7-

a fee owed outgoing counsel. See  Teichner v W & J Holsteins, Inc., 64 N.Y.2d 977 (N.Y. 1985)

appeal after remand 128 AD2d 1030, 512 NYS2d 611 (App. Div. 1st Dep't) app. den. 70 NY2d

606, later proceeding 161 AD2d 454 (App. Div. 1st Dep't) appeal dismissed without op. 77

N.Y.2d 873.

## CONCLUSION

Every first year student of professional responsibility is aware that upon admission to the

practice of law, he must undertake only those representations which will not impact his ability to

zealously advocate the interests of his clients. Outgoing counsel, however, undertook a

representation which obviously negated his ability to zealously advocate on behalf of Ms.

D'Ancona in violation of a specific Disciplinary Rule as well as other Ethical Considerations.

Ms. D'Ancona is entitled to have new counsel of her choice.

Moreover, the discharge was therefore for cause and the result of a violation of the

disciplinary rules. Outgoing counsel ignored his professional obligations with abandon and

therefore did so at his own peril. Perhaps most egregiously, the conflict actually manifested itself

in outgoing counsel's inability to draft a pleading making allegations on behalf of a client that

were not compromised by his representation of other clients. Simply stated: outgoing counsel

may not benefit from his departure from the Code of Professional Responsibility. For the

foregoing reasons, the instant motion should be granted in its entirety.

Dated: New York, New York
    August 29, 2007

Respectfully submitted:
DAVID HOROWITZ, P.C.

By:
    Steven J. Horowitz
    (SH 1352)

-8-

# DAVID HOROWITZ, P.C.

### INDEX NO.: 07 CV 5788 (LTS)

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

==================================================================

**Miranda d'Ancona, Marie Rupert, Doris Kaufman,**

**Plaintiffs,**

**-against-**

**D&R Transport (AKA P.S. Inc.), Donald P. Moore,**

**Defendants.**

==================================================================

**Memorandum of Law**

==================================================================

**DAVID HOROWITZ, P.C.**
*Attorney for Plaintiff*
*Office and Post Office Address, Telephone*
**276 Fifth Avenue - Suite 405**
**New York, New York 10001**
**212-684-3630**

==================================================================

**To:**
**Attorney(s):**

==================================================================

**Service of a copy of the within**
**is hereby admitted.**
**Dated:**

==================================================================

**From: Attorney(s)**